**Darnell D. HILL, Plaintiff–Appellant,**

v.

**James S. HAVILAND, Warden, et al., Defendants–Appellees.**

**No. 03–3040.**

United States Court of Appeals, Sixth Circuit.

June 20, 2003.

Before: MARTIN, Chief Judge; KRUPANSKY and COLE, Circuit Judges.

### ORDER

Darnell D. Hill, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Hill sued James Haviland, Warden of the Southern Ohio Correctional Facility; Mona Parks, the prison's hospital administrator; Dr. Pedro Obregon, a prison doctor; and Cheryl Martinez, chief inspector for the Ohio Department of Rehabilitation and Correction. Hill's action concerned the treatment he received for a fracture of the fifth metatarsal bone. The record shows that on February 28, 2002, Hill was examined by Parks for pain in the left foot. An x-ray confirmed the existence of a fracture. Hill's foot was placed in an air cast and he was given crutches. Although Hill stated that he wanted a plaster cast, both Parks and Dr. Obregon thought that it would be better for Hill to use an air cast.

On March 6, 2002, Hill was examined by Dr. Obregon. Hill again requested a plaster cast and an examination by an orthopedic specialist. Dr. Obregon stated that the air cast would be more beneficial for Hill's healing process and the plaster cast would cause Hill "incessant itching." After exhausting his available administrative remedies, Hill filed a civil rights action with the district court. The district court dismissed the complaint sua sponte for failure to state a claim under 28 U.S.C. § 1915A(b). In his timely appeal, Hill asserts that the defendants were deliberately indifferent to his serious medical needs by forcing him to wear an air cast rather than providing him a plaster cast.

The district court's judgment is reviewed de novo. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997).

Hill failed to state a claim under the Eighth Amendment. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. See Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious. Id. at 298. The Supreme Court addressed the objective component in Rhodes v. Chapman, 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). See Wilson, 501 U.S. at 302. The subjective component provides that the offending conduct be wanton. Further, a difference of opinion between a prisoner and a physician regarding treatment of a condition does not support an Eighth Amendment claim. Estelle, 429 U.S. at 107.

The record establishes that Dr. Obregon saw Hill for foot pain and found the fracture. As a result, Hill was prescribed an air cast and crutches. Hill's complaint is based on the fact that he was not given a plaster cast. As Hill's dispute concerns a difference of opinion he has with Dr. Obregon regarding an air cast versus a plaster cast, Hill has failed to state an Eighth Amendment claim. Id.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.